**FILED**
**Apr 27, 2022**
**03:26 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Charles Gentry,** | ) | **Docket No. 2019-06-2140** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Arapazuma, Inc.,** | ) | **State File No. 196998-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **Continental Nat'l Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING REQUESTED RELIEF

---

In this accepted claim, Mr. Gentry seeks an order for medical benefits in two respects: additional physical therapy and a mileage reimbursement.

At an April 20 expedited hearing, Arapazuma contended that the physical therapy is not medically necessary, relying on a denial from utilization review and the Medical Director's agreement with that decision. As to the mileage, Arapazuma argued that Mr. Gentry's routes to medical appointments were fewer than fifteen miles.

The Court holds that Arapazuma did not overcome the presumption of medical necessity attached to the referral physician's recommendation, so Mr. Gentry is entitled to the requested physical therapy. As to the mileage, the Court accepts Mr. Gentry's calculation regarding trips for physical therapy and holds that Arapazuma must reimburse him for those journeys, as well as those it agreed to pay on the record.

### History of Claim

Mr. Gentry injured his left shoulder while working for Arapazuma on July 16, 2018, resulting in him filing a petition for benefit determination a few months later. A mediator issued a dispute certification notice in January 2020 listing medical benefits as one of several issues. This is the second expedited hearing, and the Court has also resolved several disputes by motions.

1

As to the present issues, Mr. Gentry treated with an authorized physician, who referred him directly to Dr. Matthew Willis in August 2021. Arapazuma accepted the referral.

At the first visit, Dr. Willis recommended a reverse shoulder arthroplasty, which he performed in November aided by a physician assistant, Austin Bragdon. Afterward, Mr. Gentry participated in physical therapy seven times in December 2021 and three times in early January 2022.

At a January 11, 2022 appointment, Dr. Willis wrote that Mr. Gentry should "continue therapy." Mr. Bragdon wrote the order for physical therapy, twice a week, for six weeks. Mr. Gentry attended eleven more sessions through February 17, for a total of twenty-one visits.

Mr. Gentry returned to the referral doctor on February 22. The records state that the provider was "Dr. Willis," but they are signed by Mr. Bragdon. The records call for additional physical therapy, twice per week, for eight weeks. The reason given was "[p]resence of left artificial shoulder joint."

Arapazuma did not approve the third round of physical therapy but instead requested utilization review after the February visit. The utilization review physician, Dr. Sean Lager, reviewed medical records beginning with the first visit to Dr. Willis in August 2021 and two visits with the physical therapist. As is customary in utilization review, he did not examine Mr. Gentry.

Dr. Lager did not certify the additional physical therapy. His report gave the rationale below:

Based on the review of the provided documentation, the claimant had complaints of the left shoulder. He underwent a reverse left shoulder arthroplasty on 11/3/2021. According to the most recent note, the claimant had 120 degrees flexion of the left shoulder. It was noted the claimant had completed at least 20 postoperative PT visits. While there has been improvement in PT, the number of requested visits exceeds guidelines and there is no rationale or contraindication that a self-directed home exercise program would not be sufficient to address any remaining deficits. As such, the requested continued postoperative physical therapy 2 x 8 to the left shoulder is not medically necessary.

Guideline / Reference and Relevant Citation:

ODG by MCG Online; Physical Therapy (PT) for Shoulder Conditions (Last review/update date: Feb 12, 2021)
Recommended based on limited evidence.
ODG Criteria
ODG Physical Therapy Guidelines -
Allow for fading of treatment frequency (from up to 3 visits per week to 1 or less), plus active self-directed home PT.
Sprained shoulder; rotator cuff tear:
Post-surgical treatment, arthroscopic: 24 visits over 14 weeks

Mr. Gentry requested an expedited hearing and appealed this decision to the Medical Director. The Medical Director's decision was not released at the time of the hearing, but

by Court order Arapazuma late-filed it.[1]  The Medical Director, Dr. Robert Snyder, agreed with the denial.  He wrote, "The medical records do not reflect the reasoning in light of current measurements and a home exercise program."

Mr. Gentry argued that he never saw Mr. Bragdon.  He testified, without objection, that on April 19, he returned to Dr. Willis, who recommended a third round of physical therapy.  Mr. Gentry testified that this was ordered "because it's [the shoulder] not up to the full strength he's [Dr. Willis] thinking it should be."

Concerning the mileage request, Arapazuma announced at the hearing that it agreed to reimburse Mr. Gentry for trips to Concentra and Summit Medical Center and had already posted a check.  Sean O'Neill, Team Leader for the Southern Team adjusters, testified that the amount owed for travel to these providers is $305.

The parties contested Mr. Gentry's requested reimbursement for travel to Hughston Clinic Orthopaedics, Urban Physical Therapy, and Stonecrest Medical Center.  Mr. Gentry filed a copy of a form given to him by the third-party administrator documenting his trips, which his wife handwrote but he signed.  The form, dated February 26, 2022, states that the roundtrip miles for each visit to Hughston Clinic Orthopaedics was 28; 32 to Urban Physical Therapy; and 30 to Stonecrest Medical Center.

Mr. Gentry testified that those figures represented the actual roundtrip mileage that he drove.  He acknowledged that, from what his wife wrote on the form, the Hughston Clinic Orthopaedics journeys were fewer than fifteen miles one-way, and the Stonecrest Medical Center trip was exactly thirty miles roundtrip.  On cross-examination, Mr. Gentry disagreed with the mileage to Urban Physical Therapy generated by Google Maps as 14.4 miles, saying that this distance is "not what's actually driven."

**Findings of Fact and Conclusions of Law**

*Motion to Continue and Employer's Objections to the Expedited Hearing*

Before considering the merits of Mr. Gentry's requests, Arapazuma filed a motion to continue the expedited hearing five business days before the hearing.  It argued in part that on April 13, Mr. Gentry filed an appeal of the utilization review determination.  Proceeding with the hearing as scheduled would create the potential for inconsistent results, Arapazuma contended, and the Medical Director's decision could "moot" that issue.

---

[1] Arapazuma also late-filed a "radius map" and additional medical records.  The notices of filing contain argument regarding these documents.  The Court did not consider them in reaching its decision because the parties' proof was closed at the expedited hearing, except for the Medical Director's opinion.  Also, fundamental fairness dictates that the Court reject Arapazuma's attempt to supplement the record without affording Mr. Gentry, a self-represented litigant, an opportunity to object.

3

Arapazuma further contended that it would suffer prejudice because it would be simultaneously defending the utilization review before two bodies. Regarding the mileage reimbursement, Arapazuma asserted that it was investigating and might pay disputed amounts.

The Court denied the motion for two reasons. First, "a trial court is not bound by the determination of the utilization review physician or the Bureau's Medical Director but is charged with conducting a de novo review to determine whether Employer rebutted the presumption that the prescribed medical treatment is reasonably necessary to treat the work injury." *Walls v. United Technologies,* 2021 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (Aug. 6, 2021). After the hearing, the Court ordered the parties to submit the Medical Director's decision upon its receipt, acknowledging Mr. Gentry's right to pursue that relief and that the Medical Director's decision would undoubtedly be relevant.

Second, Arapazuma has not shown it suffered any prejudice. Mr. Gentry filed medical records on March 28. They were the same records provided to Dr. Lager (along with two visits to physical therapy). Mr. Gentry filed the documentation regarding his mileage request on March 27. So, Arapazuma has known the evidence that Mr. Gentry planned to rely upon with sufficient time to prepare. Arapazuma contended it was defending the issue in two separate forums, but it did not explain how that prejudiced it. Rather, Arapazuma was able to file prehearing witness and exhibit lists and additional proof, and it fully briefed the issues.

Tennessee Compilation Rules and Regulations 0800-02-21-.11(8) (February, 2022) states that expedited hearings may be continued only for "good cause." The Court cannot find that under these circumstances.

Arapazuma additionally contended that Mr. Gentry's hearing should not proceed because he filed a hearing request on March 15 and a declaration on April 7. It argued that in *Smith v. La-Z-Boy, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 52, at *9-10 (Aug. 31, 2017), the Appeals Board held that "accompanied by" contemplates that the supporting documentation is to be filed in association with the hearing request and does not require that it be filed "concurrently" or "contemporaneously." In *Smith,* the party requesting a hearing filed supporting documentation the next business day after filing the hearing request. Arapazuma contended that, in contrast, Mr. Gentry filed his declaration twenty-three days later, which prejudiced it by giving it "limited time" to submit pre-hearing materials.

While a twenty-three day delay is discouraged, the Court remains unpersuaded. The Appeals Board reasoned in *Smith* that the employee's delay caused the employer no prejudice. *Id.* at *10-11. The same is true here. As previously stated, Arapazuma was aware of Mr. Gentry's requested relief and evidence since late March and was able to submit responsive evidence and pleadings. Moreover, the Court extended its deadline to

do so beyond the customary ten business days, due largely to the motion practice that Arapazuma initiated.  Relatedly, Arapazuma also contended that Mr. Gentry did not disclose witnesses.  However, on his March 15 Request for Expedited Hearing, Mr. Gentry listed only himself as a witness.

Lastly, Arapazuma argued that the case was not properly before the Court because the parties had not mediated the specific issues.  It pointed out that a dispute certification notice brought the case before the Court previously, but due to disagreements regarding entirely different matters.  Arapazuma relied on Tennessee Code Annotated section 50-6-239(b)(1) (2021), which states that only issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the judge for adjudication.

Here, neither party requested an order referring the parties back to mediation.  The dispute certification notice lists "medical benefits" as an issue; Mr. Gentry now seeks additional medical benefits.  Arapazuma's argument overlooks that the same statute states in subdivision(d)(1) that "*at any time after a dispute certification notice has been issued . . ., a workers' compensation judge may, at the judge's discretion, hear disputes over issues provided in the dispute certification notice concerning the provision of . . . medical benefits on an expedited basis*[.]"  (Emphasis added.)

Giving the statute a plain reading, this Court took jurisdiction of the case when a dispute certification notice was filed.  That document listed "medical benefits" as one of the issues.  The statute does not require or envision that parties mediate *every aspect* of the provision of medical or other benefits that might arise throughout a case's lifespan.  To do so would inject additional cost and delay, and it would defeat the Court's ability to grant relief on an expedited basis, in cases where the parties have already shown they cannot agree on fundamental issues.

Arapazuma cited no additional authority to support its argument.  Moreover, the applicable rule and case law support this conclusion.  The mediation rule states that parties must mediate "when a party files a petition for benefit determination[.]"  Tenn. Comp. R. & Regs 0800-02-21-.10(1).  The Appeals Board has characterized a petition for benefit determination as "the Bureau's general equivalent of a complaint as contemplated in the Tennessee Rules of Civil Procedure."  *Vickers v. Amazon,* 2019 TN Wrk. Comp. App. Bd. LEXIS 52, at *7 (Aug. 20, 2019).  The complaint commences the lawsuit, and the mediation requirement is triggered at that point.

In sum, the Court rejects Arapazuma's objections and now turns to the merits of the parties' evidence and claims.

Mr. Gentry must show that he is likely to prevail at a hearing on the merits regarding his entitlement to additional medical benefits. Tenn. Code Ann. § 50-6-239(d)(1); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Physical Therapy*

The Workers' Compensation Law states that an employer must furnish, free of charge, medical treatment made reasonably necessary by the work accident. Tenn. Code Ann. § 50-6-204(a)(1)(A). Any treatment recommended by a physician by referral is presumed to be medically necessary and may be rebutted by a preponderance of the evidence. Tenn. Code Ann. § 50-6-204(a)(3)(H); *Walls,* at *10-11. Therefore, the recommendation of Dr. Willis, a referral physician, is presumed medically necessary. Arapazuma sought to rebut this presumption with Dr. Lager's opinion obtained through utilization review, upheld on appeal by Dr. Snyder.

The utilization review process in Tennessee Code Annotated section 50-6-124 offers employers a mechanism to assess the medical necessity of prescribed medical treatment. Tenn. Comp. R. & Regs. 0800-02-06-.01(20) (January, 2017). Denials may be appealed to the Medical Director. *Id*. at 0800-02-06-.03(5). However, as previously stated, the Court is not bound by the opinion of a utilization review physician or the Bureau's Medical Director but must conduct "a de novo review to determine whether Employer rebutted the presumption that the prescribed medical treatment is reasonably necessary to treat the work injury." *Walls,* at *12.

Thus, the Court must weigh the competing expert opinions to decide the issue. In evaluating conflicting expert testimony, a trial court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991).

Applying these principles, Dr. Willis treated Mr. Gentry since last August and operated on his shoulder. Moreover, Mr. Gentry testified, *without objection,* that he saw Dr. Willis the day before this hearing, and Dr. Willis again recommended additional physical therapy. Dr. Willis has seen Mr. Gentry at least five times, while neither Dr. Lager nor Dr. Snyder have examined him. "It seems reasonable that the physicians having greater contact with the Plaintiff would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Id.* at 677. This consideration favors Dr. Willis.

As to the information available to them, Drs. Lager and Snyder reviewed limited medical records. Dr. Lager cited a guideline from the ODG for a "sprained shoulder" or

"rotator cuff tear" for twenty-four physical therapy sessions. However, Mr. Gentry underwent a reverse shoulder arthroplasty, or complete shoulder replacement. Arapazuma's counsel explained that the sprain/tear was the original diagnosis, which was corrected by replacing his shoulder. But the two diagnoses are not interchangeable. No evidence was presented regarding the guideline for physical therapy after a complete shoulder replacement.

As for Dr. Snyder's statement that "The medical records do not reflect the reasoning in light of current measurements and a home exercise program[,]" the Court agrees that Dr. Willis's records offer measurements. They also do not explicitly document his rationale for additional therapy, other than "[p]resence of left artificial shoulder joint," nor do the records mention the potential efficacy of a home exercise program. However, Dr. Snyder offered no opinion about the ODG guideline that Dr. Lager cited. Therefore, the Court affords Dr. Snyder's opinion limited value. This factor also favors Dr. Willis.

The Court finds Dr. Willis's opinion, presumed correct, is more persuasive than the utilization review doctors' conclusions regarding the medically necessary treatment. Arapazuma has not rebutted Dr. Willis's opinion by a preponderance of the evidence. Therefore, Mr. Gentry is likely to prevail at a hearing on the merits regarding his entitlement to additional physical therapy.

*Mileage Reimbursement*

Tennessee Code Annotated section 50-6-204(a)(6)(A) provides that when an injured worker is required to travel to an authorized medical provider or facility "located outside a radius of fifteen (15) miles from the injured worker's residence[,]" the employee shall be reimbursed for reasonable travel expenses.

Here, by his own admission, Mr. Gentry traveled roundtrip twenty-eight miles for appointments at Hughston Clinic Orthopaedics and thirty miles to Stonecrest Medical Center. The statute's plain language states that these trips are not eligible for reimbursement because they are not, one-way, "outside a radius of fifteen miles." So, Mr. Gentry is not entitled to reimbursement for these visits.[2]

This leaves physical therapy. Mr. Gentry testified sincerely and repeatedly that he drove more than fifteen miles, one-way, each time he attended. This is the mileage amount that he actually measured. Mr. Gentry's wife completed the form, which he signed, in late February, without him knowing the statutory threshold for eligibility for reimbursement. The form contains information against his own interest. Further, Mr. Gentry never wavered

---

[2] Arapazuma also argued that the doctrine of laches applies to these requests. However, the Court need not address that argument because Mr. Gentry's admissions preclude his entitlement to reimbursement to these locations.

on this point, despite lengthy and rigorous cross-examination. The Court finds him credible.

Arapazuma relied solely on the Google Map it introduced into evidence without objection. But Arapazuma did not support the map's accuracy with other corroborating proof. Considering the result generated by one algorithm, versus a human who completed a form, partially against his own interest, coupled with his credible testimony as to the route he actually drove and the measurement he took, the evidence preponderates in Mr. Gentry's favor. The Court finds he traveled thirty-two miles roundtrip for physical therapy twenty-one times. Mr. Gentry is likely to prevail at a hearing on the merits on this particular request. He is entitled to $367.36 in reimbursement.[3]

It is, therefore, ORDERED as follows:

1. Arapazuma or its workers' compensation carrier shall promptly authorize the recommended physical therapy.

2. By agreement, Arapazuma shall reimburse Mr. Gentry $305.00 for mileage expenses incurred for travel to Concentra and Summit Medical Center. It shall also reimburse him for mileage expenses to Urban Physical Therapy totaling $367.36.

3. This case is set for a status hearing on **June 13, 2022, at 9:30 a.m**. **central time.** You must call 615-532-9552 or 866-943-0025.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.**

**ENTERED April 27, 2022.**

---

[3] The mileage reimbursement rate is available at the Bureau's website. For trips on or before January 1, 2022, the rate was $.47 per mile; afterward, it increased to $.585 per mile. Mr. Gentry made seven trips under the previous rate, subtotaling $105.28. At the current rate, he made fourteen trips, subtotaling $262.08. The total mileage reimbursement is $367.36.

_Kenneth M. Switzer_
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Charles Gentry
2. Utilization review report
3. Employee's medical records
4. Documentation of mileage
5. Affidavit of Sean O'Neill
6. Google Maps
    6A. Hughston Clinic Orthopaedics
    6B. Urban Physical Therapy
    6C. Stonecrest Medical Center
7. Physical therapy records
8. Utilization Review Appeal (late-filed)
9. "Radius Map" and additional medical records (late-filed; identification only)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, and parties' additional issues
3. Status Hearing Order, March 7, 2022
4. Motion for Missing Documents
5. Request for Expedited Hearing
6. Response to Employee's Motion for Documents Pertaining to Utilization Review
7. Response to and Motion to Strike Employee's Request for Expedited Hearing
8. Order Setting Expedited Hearing
9. Motion to Dismiss Expedited Hearing
10. Response to Motion [to] Dismiss
11. Hearing Request
12. Order Denying Motion to Dismiss
13. Employer's Motion to Continue
14. Employer's Pre-Hearing Brief
15. Employer's Witness List
16. Employer's Exhibit List
17. Employer's Motion for Telephone Testimony
18. Order Granting Motion to Testify by Telephone
19. Order

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on April 27, 2022.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Charles Gentry, self-represented employee | X | X | | 3981A Vesta Rd. Lebanon TN 37090 |
| Chancy Miller, Employer's attorney | | | X | cmiller@carrallison.com kbcarr@carrallison.com |

_____

**Penny Shrum, Clerk of Court**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*